**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTER DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **YOLONDA HOLLOWAY,** ) | |
| ) | |
| ) | **CIVIL ACTION NO:** |
| **Plaintiff,** ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| **THE CHRISTIAN BROADCASTING** ) | |
| **NETWORK, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## **COMPLAINT**

Plaintiff, Yolonda Holloway ("Holloway" or "Plaintiff"), by counsel, for his Complaint against Defendant, The Christian Broadcasting Network, Inc. ("CBN" or "Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff, an African American woman, alleges that CBN subjected her to racial discrimination by denying her a promotion to Training Manager, demoting her to a lesser role, and creating a hostile work environment, all on account of her race. Plaintiff further alleges that CBN retaliated against her for opposing discriminatory practices by filing a grievance, resulting in her constructive discharge on April 30, 2021. Plaintiff seeks compensatory and punitive damages, equitable relief, and attorney's fees and costs to remedy the harm caused by CBN's unlawful conduct.

1

## PARTIES

2. Plaintiff Yolanda Holloway is an African American woman residing in Chesapeake, Virginia. She was employed by CBN from March 2018 until her constructive discharge on April 30, 2021.

3. Defendant Christian Broadcasting Network, Inc. is a corporation organized under the laws of Virginia, with its principal place of business at 977 Centerville Turnpike, Virginia Beach, VA 23463. CBN is an evangelical religious television ministry that operates a Prayer Center and employs more than fifteen employees, subjecting it to federal anti-discrimination laws.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under 42 U.S.C. § 1981, a federal law.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Virginia Beach, Virginia, within the Eastern District of Virginia, where CBN is headquartered and Plaintiff was employed.

## STATEMENT OF FACTS

### *Plaintiff's Employment History with CBN*

6. Plaintiff began her employment with CBN in March 2018 as a Trainer. In May 2018, she was promoted to Training Lead, and her last position held was Customer Service Coordinator.

7. Throughout her tenure, Plaintiff consistently met or exceeded performance expectations and received no disciplinary actions prior to the events described herein.

8. Plaintiff's role as Training Lead included strategic and operational duties, leadership responsibilities, and oversight of training initiatives, as outlined in her job description dated August 27, 2018.

### *Racial Discrimination in Denial of Promotion*

9. In November 2020, Plaintiff learned of an open Training Manager position. On November 19, 2020, Executive Director Andy Curley informed Plaintiff that she would not qualify for the position, citing alleged performance issues, despite her exemplary record.

10. On November 20, 2020, Plaintiff applied for the Training Manager position, believing she was qualified based on her experience and performance.

11. Plaintiff alleges that CBN's refusal to promote her was motivated by her race. In contrast, CBN promoted or hired less-qualified White individuals into managerial roles without requiring them to apply formally, including Joshua Jennings (White male) as Workforce Manager and Rich Miller (White male) as Call Center Manager, both lacking comparable knowledge, skills, and abilities (KSAs) to Plaintiff or other African American employees.

12. Similarly situated African American employees, such as La Francis McPherson and Diane Stevenson, were also denied promotions in favor of less-qualified White candidates, evidencing a pattern of racial discrimination.

### *Retaliation for Opposing Discrimination*

13. On November 20, 2020, Plaintiff informed Mr. Curley that she intended to file a grievance for discrimination based on her race, among other factors, in response to his statements about her ineligibility for the Training Manager position.

14. On December 3, 2020, Plaintiff met with Barbara Ritter, Vice President of Human Resources, to formally file her grievance against management for racial discrimination.

15. In January 2021, CBN informed Plaintiff that an investigation found no wrongdoing. Plaintiff appealed, meeting with Keith Griffith, Vice President of Information Technology, who upheld the finding and offered her a new position as Project Engineer, stating she had no choice but to accept it to "support the business."

16. Plaintiff alleges that CBN retaliated against her for filing the grievance by denying her the Training Manager position and, in February 2021, transferring her to a newly created Customer Experience Coordinator role with diminished responsibilities, effectively a demotion from her prior leadership role as Training Lead.

17. The Customer Experience Coordinator position, outlined in a job description dated January 29, 2021, involved entry-level operational duties outside Plaintiff's expertise, undermining her known KSAs and isolating her from strategic responsibilities.

*Hostile Work Environment and Constructive Discharge*

18. From February 8, 2021, to April 30, 2021, Plaintiff was subjected to a hostile work environment characterized by disparate treatment, isolation, and demeaning job assignments designed to push her out of the organization.

19. CBN's actions included: (a) transitioning Plaintiff to a role with incomparable duties; (b) involving Mr. Curley, the subject of her grievance, in decisions affecting her employment; and (c) failing to address her requests for a review of corporate training practices regarding diversity and equal opportunity.

20. On April 22, 2021, Plaintiff submitted her resignation (effective April 30, 2021) feeling she had no choice and overwhelmed by the retaliatory acts and hostile work environment.

21. On April 23, 2021, Plaintiff's manager, Shamiyon Jett, remarked that management felt they "dodged a bullet" with Plaintiff's resignation, confirming their intent to force her departure.

22. Unable to endure the ongoing discrimination and retaliation, Plaintiff was compelled to resign, effective April 30, 2021, constituting a constructive discharge.

### *Pattern of Discrimination*

23. CBN exhibited a pattern of denying promotions to qualified African American employees while favoring less-qualified White candidates, as evidenced by the experiences of La Francis McPherson, Diane Stevenson, and Melvina Huff, among others, who were similarly overlooked or demoted.

### COUNT I
### RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

24. Plaintiff repeats and realleges each and every paragraph of this complaint as though fully set forth herein.

25. Section 1981 prohibits racial discrimination in the making and enforcement of contracts, including employment contracts.

26. CBN discriminated against Plaintiff on the basis of her race (African American) by denying her a promotion to Training Manager, demoting her to Customer Experience Coordinator, and subjecting her to disparate treatment compared to similarly situated White employees.

27. CBN's actions impaired Plaintiff's right to enjoy the benefits, privileges, terms, and conditions of her employment contract, in violation of § 1981.

28. As a direct and proximate result, Plaintiff suffered lost wages, benefits, emotional distress, and damage to her professional reputation.

29. Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses.

## COUNT II
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

30. Plaintiff repeats and realleges each and every paragraph of this complaint as though fully set forth herein.

31. Section 1981 prohibits retaliation against individuals who oppose racially discriminatory practices.

32. Plaintiff engaged in protected activity by filing a grievance on November 20, 2020, and pursuing it through CBN's internal process, opposing racial discrimination in promotion practices.

33. CBN retaliated against Plaintiff by denying her the Training Manager position, transferring her to a demeaning role, and creating a hostile work environment, culminating in her constructive discharge.

34. There is a causal connection between Plaintiff's protected activity and CBN's adverse actions, evidenced by the temporal proximity and management's statements.

35. As a direct and proximate result, Plaintiff suffered lost wages, benefits, emotional distress, and other damages.

36. Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses.

## JURY DEMAND

Plaintiff demands a jury trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yolonda Holloway respectfully requests that this Court:

a. Enter judgment in her favor against Defendant The Christian Broadcasting Network, Inc.;

b. Award compensatory damages for lost wages, benefits, emotional distress, and other economic losses in an amount to be determined at trial;

c. Award punitive damages to punish CBN for its intentional and malicious conduct and to deter similar acts;

d. Grant equitable relief, including reinstatement or front pay in lieu thereof;

e. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

f. Grant such other and further relief as the Court deems just and proper.

Date: April 3, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　YOLANDA HOLLOWAY

　　　　　　　　　　　　　　　　　　　__/s/__Todd M. Gaynor_____
　　　　　　　　　　　　　　　　　　　Todd M. Gaynor, Esquire
　　　　　　　　　　　　　　　　　　　Virginia Bar No.: 47742
　　　　　　　　　　　　　　　　　　　GAYNOR LAW CENTER, P.C.
　　　　　　　　　　　　　　　　　　　440 Monticello Avenue, Suite 1800
　　　　　　　　　　　　　　　　　　　Norfolk, Virginia 23510
　　　　　　　　　　　　　　　　　　　PH: (757) 828-3739
　　　　　　　　　　　　　　　　　　　FX: (75) 257-3674
　　　　　　　　　　　　　　　　　　　EM: tgaynor@gaynorlawcenter.com

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*